IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,       )
       )
       Plaintiff,       )       CRIMINAL NO. 16-464 WJ
       )
       vs.       )
       )
RAY LEE SMITH, a.k.a. "Lee Smith,"       )
       )
       Defendant.       )

## ORDER SUSTAINING
## UNITED STATES' APPEAL OF RELEASE ORDER

On March 10, 2016, the Court conducted a de novo hearing on the United States' appeal (Doc. 24) of the U.S. Magistrate Judge's order (Doc. 26) setting pretrial conditions of release. After considering the written and oral arguments of counsel, after considering the testimony of DEA Agent Richard Stark and after considering the applicable law, the Court finds that the United States' appeal is well taken and, therefore, GRANTED. Accordingly, Ray Lee Smith ("Defendant") shall remain in the custody of the U.S. Marshall pending further order of this Court.

### Background

A Federal Grand Jury in this District returned an Indictment (Doc. 2) against Defendant charging him with Conspiracy to Distribute Controlled Substances and Controlled Substance Analogues, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), 21 U.S.C. § 813; two counts of Maintaining a Drug-Involved Premises, and Aiding and Abetting, in violation of 21 U.S.C. 856(a) and 18 U.S.C. § 2; and Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h). On February 29, 2016, Defendant was arrested in Arizona pursuant to a warrant (Doc. 4) and then the U.S. Marshal Service transported Defendant to Albuquerque, New Mexico where he had his initial appearance hearing on February 29, 2016. Doc. 12.

On March 1, 2016, following a detention hearing, U.S. Magistrate Judge Kirtan Khalsa issued an order (Doc. 26) releasing Defendant to a halfway house with additional conditions of pretrial release.  It is this release order from which the United States appeals.

## Discussion

There is no dispute that the drug trafficking and related charges pending against the Defendant trigger the rebuttable presumption of 18 U.S.C. § 3142(e) which states, in pertinent part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act....

This presumption "reflects Congress's findings that drug traffickers often have the resources and foreign contacts to escape to other countries, as well as strong incentives to continue in the drug trade."   *United States v. Moreno*, 1994 WL 390091 (1st Cir. July 14, 1994) (unpublished).

The Tenth Circuit has provided district courts with guidance on how to apply the rebuttable presumption established by § 3142(e).*See United Statesv. Stricklin*, 932 F.2d 1353, 1354 (10th Cir.1991).   In *Stricklin*, the Tenth Circuit stated:

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.

932 F.2d at 1354-55.

Defendant argues that he has met his burden of production and relies in part on the Pretrial Services Report ("PSR") and the conclusion that conditions of release can be fashioned to adequately manage the risk of non-appearance and danger to the community and those

conditions included placement at the La Pasada Halfway House in Albuquerque.  (PSR, p. 3).
Unquestionably, Judge Khalsa relied in part upon the PSR in ordering Defendant to be released
on pretrial conditions.

While the PSR is favorable to Defendant, it is important to note that, as stated in bold
language on the top of the PSR's front page, the pre-trial services officer in preparing the PSR
does not consider the weight of the evidence against a defendant under § 3142(g)(2) or the
rebuttable presumption under § 3142(e).

The United States asserts that Defendant does not offer sufficient facts to rebut the
presumption that no condition or combination of conditions exist that would reasonably assure
his future appearance in court as required or the safety of the community.  The Court observes
that if the record in this case was the same record that was before Judge Khalsa, the likely result
would be to overrule the United States' appeal of Judge Khalsa's release order.  However, the
record now before the Court has been considerably expanded and this difference is in large part
the result of the very credible testimony of DEA Special Agent Richard Stark.

After hearing the testimony of Agent Stark on direct and cross examination, the Court
has no difficulty making the finding that at this stage of the proceeding, the weight of the
evidence against the Defendant is very, very strong in favor of the United States and against the
Defendant.   Thus, the weight of the evidence clearly stacks up in favor of the United States and
against the Defendant in terms of whether or not the Defendant should be detained.

## I.    Danger to the Community

In reviewing Defendant's prior criminal history as set forth in the PSR, the Court notes
that Defendant's last arrest occurred in 2003 for a domestic violence battery charge that, from
the description of the offense, appears to be a misdemeanor type offense.  As to this charge, the
PSR indicates it was dismissed.  Defendant has some other arrests in the 1990's that also appear
to be for petty or misdemeanor type offenses.  While the Probation Office did not determine

whether Defendant's prior criminal history would generate any criminal history points under the Sentencing Guidelines, from the Court's review of the PSR, the Court is of the opinion that those petty/misdemeanor convictions are so old that they would not create any criminal history points.  If  a sentencing guideline calculation was being made for Defendant based on this prior criminal history, he would likely be in Criminal History Category I, the lowest criminal history category.  Additionally, Defendant has no felony convictions so Defendant's prior criminal history alone just does not support a finding that release on conditions poses a danger to the community.

The United States maintains that because Defendant was manufacturing and selling large quantities of synthetic cannabinoids or spice in parts of New Mexico and Arizona and because this spice is a dangerous controlled substance or analog of a controlled substance, release of Defendant poses a threat to the community.  While the Court agrees with the notion that trafficking large quantities of controlled substances can be a danger to the community, in the instant case the United States has shut down the locations where Defendant was selling spice, seized Defendant's weapons and is seeking to forfeit Defendant's assets associated with his alleged drug trafficking activities.  Moreover, the Court finds troubling the testimony of Agent Stark that Defendant had procured dangerous precursor chemicals to manufacture synthetic cannabinoids in his residence where his eight year old child resided but as stated above, the residence has been seized by the DEA and Defendant's proposed residence is the half-way house in Albuquerque.

These facts combined with the lack of any prior criminal history involving felony crimes of violence or drug trafficking do not constitute clear and convincing evidence that release of Defendant poses a threat to the safety of the community.

## II.        Risk-of-Flight and Non-Appearance

In a rebuttable presumption case, a criminal defendant has a burden of production to rebut the presumption but the ultimate burden of persuasion remains with the United States. *Stricklin,* 932 F.2d at 1354-55.  For purposes of analyzing the risk-of-flight factor, the Court assumes Defendant has met his burden of production.  The  question then becomes whether  the United States has carried its burden of persuasion and has established, by a preponderance of the evidence, that Defendant presents a risk-of-flight such that no condition or combination of conditions of release will assure the Defendant's appearance in court on future hearings.

The following evidence presented at the March 10, 2016 hearing supports the United States' position that the Defendant is a flight risk:

1.  The PSR indicates Defendant has a couple of "FTA's" or failure to appear.  Granted, these FTA's occurred in the 1990's, but they are nevertheless a concern for the Court.

2.  Agent Stark testified that Co-Defendant Tamara Phillips, who is Defendant's common law wife and with whom Defendant fathered a child, stated Defendant has an alcohol problem.  Defendant has a prior arrest for driving under the influence and other arrests for possession of controlled substances all of which indicate that Defendant has some history of substance abuse.

3.  Defendant's prior foreign travel was also presented as a flight risk factor.  While not extensive, this foreign travel suggests risk of flight although this particular risk factor is reduced by Defendant's willingness to surrender his passport.

4.  Defendant was the owner and operator of sophisticated retail business operations in Kingman, AZ, Raton, NM and Las Vegas, NM where large quantities of spice were sold on primarily a cash business.  Spice was sold in addition to legal products.  Defendant handled sophisticated day-to-day operations of these business entities in two states. Defendant also handled international transactions by obtaining the precursor chemicals

from China.  These chemicals were used by Defendant to manufacture the spice at Defendant's home in Arizona.

5.   Agent Stark testified that upon execution of search warrants at Defendant's business locations in Arizona and New Mexico and his residence in Arizona, DEA discovered large sums of cash or equivalent assets in approximately twenty separate bank and investment accounts.   Additionally, approximately $60,000 was located in a safe in Defendant's residence, $160,000 in a safety deposit box in Las Vegas, NM, $150,000 in a safety deposit box in Kingman, AZ all in $100 bills.  This represents the accounts and cash assets that DEA was able to locate and seize.  It is not known whether Defendant had other accounts and sums of cash that have not been located by the DEA.

6.   Based on the testimony of Agent Stark including his testimony about undercover purchases of spice at Defendant's business locations, the evidence obtained from the Title III wiretap, statements made by Defendant and Co-Defendant, and statements made by employees at Defendant's business locations and other circumstantial evidence, the weight of the evidence against Defendant is very strong and clearly favors the United States.

7.   Defendant is charged with four counts in the Indictment and if convicted, he is facing a lengthy prison sentence.

Therefore, the United States has met its burden of persuasion in establishing by a preponderance of the evidence that Defendant is a flight risk.

## Conclusion

The Court finds and concludes, by a preponderance of the evidence, that the United States has met its burden of establishing that Defendant is a flight risk and no condition or combination of conditions of release will ensure Defendant's appearance in court for future hearings or for jury trial.  Therefore, the United States' appeal of the U.S. Magistrate Judge's order of release on

pretrial conditions is SUSTAINED on the ground that Defendant is a flight risk.  Accordingly,

Defendant shall remain in the custody of the U.S. Marshal pending trial or further order of the

Court.

      **SO ORDERED**

_____
**UNITED STATES DISTRICT JUDGE**